UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WARREN WILLIAMS,

        Plaintiff,

        v.                                        Case No. 25-cv-546-bbc

JARED HOY, et al.,

        Defendants.

---

## DISMISSAL ORDER

---

      Plaintiff Warren Williams, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. On June 10, 2025, the Court screened the original complaint and gave Williams an opportunity to file an Amended Complaint to clarify which facts, claims, and defendants he wished to proceed on. Dkt. No. 11. The Court noted that Williams had filed 138 pages of pleadings—which included a 6-page original complaint, 16 pages of "attachments," 99 pages of "supplements," and 6 pages of "exhibits"—and it was not the Court's responsibility to dig through all of the documents on the record to find the relevant facts and legal issues. *Id.* at 2. The Court directed Williams to file an Amended Complaint that provided a simple, concise, and direct statement of his claims that was no more than ten pages total, typed and double spaced. *Id.* The Court advised Williams to draft his Amended Complaint as if he was telling a story to someone who knows nothing about his situation. *Id.*

      On June 25, 2025, Williams submitted a letter explaining that the Court could disregard the attachments, supplements, and exhibits he filed; and to only screen his 6-page original

complaint. Dkt. No. 12. But that does not solve the problems identified in the screening order. Williams' 6-page original complaint does not contain any facts. *See* Dkt. No. 1. It simply includes a description of the defendants and the relief sought, *i.e.*, "removal" of a criminal detainer that is preventing him from getting a prison job and monetary damages (presumably for the job he was unable to get). *See id*. Additionally, the "statement of claims part 1 and part 2" that Williams filed—which asks to proceed on a due process claim for denial of work release privileges and for imposition of a criminal detainer—are not claims he can proceed on under §1983. It is well established that an inmate has no protected liberty interest in receiving or retaining work assignments. *Wallace v. Robinson*, 940 F.2d 243 (7th Cir. 1991) (en banc); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *Smith v. McCaughtry*, No. 09-C-0404, 2010 WL 697183, at *1 (E.D. Wis. Feb. 25, 2010). Further, this Court cannot collaterally attack a state court criminal conviction and/or order "removal" of a criminal detainer through a §1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Williams must direct the request to remove his criminal detainer to the state court through a direct appeal or he may file a federal habeas corpus petition under 28 U.S.C. §2254. Toward that end, it appears that the individual who is responsible for resolving the criminal detainer issue—Williams' State Public Defender—is actively working on the issue through a direct appeal. *See* Dkt. No. 13-1 at 2 ("Therefore, I will close your case once we resolve your detainer issue…I will stay on as your attorney until we can resolve this detainer issue in order to make sure you can try and get into work release programming."). On September 5, 2025, Williams filed a motion for a preliminary injunction asserting retaliation, but that motion has nothing to do with the original complaint he filed. *See* Dkt. No. 13; *see also Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (noting that a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying

complaint and deals with a matter presented in that underlying complaint.). Therefore, the Court will dismiss this case for failure to state a claim and will deny the motion for a preliminary injunction as moot. Because the Court has already provided Williams with one opportunity to amend the complaint (which he rejected), additional opportunities to amend the complaint would be futile. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (noting that the Court need not provide an opportunity to amend when amendment would be futile). Therefore, the Court will dismiss this case.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** for failure to state a claim. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 13) is **DENIED** as moot.

Dated at Green Bay, Wisconsin on September 10, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge